[Cite as *In re Tanksley*, 2016-Ohio-7068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In re: Nikko D. Tanksley,                    :

        Petitioner-Appellee,           :

                                                 No. 15AP-1085
Ron O'Brien, :                                (C.P.C. No. 15MS-209)
Franklin County Prosecuting Attorney

                                 :           (REGULAR CALENDAR)
        Respondent-Appellant).

                                 :

---

D E C I S I O N

Rendered on September 29, 2016

---

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellant. **Argued:** *Steven L. Taylor.*

**On brief:** *Dye Law Offices* and *Lewis T. Dye,* for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Respondent-appellant, Franklin County Prosecutor Ron O'Brien, appeals from the trial court's granting of petitioner-appellee's, Nikko D. Tanksley, petition for a Certificate of Qualification for Employment ("CQE") pursuant to R.C. 2953.25. Because we find that there was no collateral sanction as required by R.C. 2953.25(B)(1) and (2), we reverse the judgment of the trial court.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Pursuant to a jury trial in December 2006, Tanksley was found guilty of one count of aggravated robbery and one count of robbery, each with a firearm specification. *State v. Tanksley*, 10th Dist. No. 07AP-262, 2007-Ohio-6596, ¶ 5. Tanksley served three and one-half years in prison for the offenses and was released in 2010. (Tanksley's Petition for CQE at 7.)

{¶ 3} On April 29, 2015, pursuant to R.C. 2953.25, Tanksley petitioned the state of Ohio for a CQE in regards to his desire to receive Certified Public Accountant Licensure from the Accountancy Board of Ohio. (Petition for CQE at 3.) Tanksley stated that "[i]f my petition is granted I will sit for the Certified Public Accountant examination the first time it is given." (Petition for CQE at 7.) On April 30, 2015, appellant filed a memo contra opposing the petition.

{¶ 4} On October 29, 2015, the trial court granted Tanksley's petition for CQE and specifically found that "[p]etitioner has suffered a COLLATERAL SANCTION that is related to employment or occupational licensing as a result of individual's conviction of a felony offense and that said sanction applies by operation of law in this state" and "[t]he purpose for this certificate is to assist the Petitioner in obtaining employment and in obtaining a Certified Public Accountant license from the Accountancy Board of Ohio." (Oct. 29, 2015 Jgmt. Entry at 1-2.) In addition, the court made the requisite findings under R.C. 2953.25(C)(3).

{¶ 5} On November 30, 2015, appellant filed a notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following errors:

> [I.] THE COMMON PLEAS COURT ERRED IN GRANTING THE PETITION FOR CERTIFICATE OF QUALIFICATION FOR EMPLOYMENT BECAUSE THE STATUTE IS UNCONSTITUTIONAL IN ASSIGNING NON-JUDICIAL MATTERS AND FUNCTIONS TO THE JUDICIAL BRANCH.
>
> [II.] THE COMMON PLEAS COURT ERRED IN GRANTING THE PETITION FOR CERTIFICATE OF QUALIFICATION FOR EMPLOYMENT IN THE ABSENCE OF ANY INDICATION THAT PETITIONER'S CONVICTION FOR AGGRAVATED ROBBERY WITH FIREARM SPECIFICATION CREATED A "COLLATERAL SANCTION."
>
> [III.] THE COMMON PLEAS COURT ERRED IN GRANTING THE PETITION FOR CERTIFICATE OF QUALIFICATION FOR EMPLOYMENT IN THE ABSENCE OF ANY INDICATION THAT GRANTING THE CQE WOULD PROVIDE MATERIAL ASSISTANCE TO PETITIONER.

## III. ASSIGNMENT OF ERROR TWO – NO COLLATERAL SANCTIONS

{¶ 7} We find appellant's assignment of error two to be dispositive of this appeal. Because we find that Tanksley is not subject to any collateral sanctions that apply by operation of law, we reverse the trial court.

{¶ 8} R.C. 2953.25, which authorizes the CQE:

> "[C]reates a mechanism by which an individual who has been convicted of or pleaded guilty to an offense, who for a specified period of time has been released from incarceration and all supervision imposed after release or has received a final release from all other sanctions imposed, *and who is subject to a 'collateral sanction'* may obtain from the court of common pleas of the county in which the individual resides a 'certificate of qualification for employment' that will provide relief from certain bars on employment or occupational licensing."

(Emphasis added.) *In re Bailey*, 8th Dist. No. 101108, 2015-Ohio-413, ¶ 10, quoting the Ohio Legislative Service Commission Final Analysis of Am.Sub.S.B. No. 337.

{¶ 9} In order to be able to file the petition and obtain CQE relief, the petitioner must be "subject to one or more collateral sanctions." R.C. 2953.25(B)(1) and (2); Ohio Adm.Code 5120-15-01(C)(1). "Collateral sanction" is defined as "a penalty, disability, or disadvantage that is related to employment or occupational licensing, however denominated, as a result of the individual's conviction of or plea of guilty to an offense and *that applies by operation of law* in this state whether or not the penalty, disability, or disadvantage is included in the sentence or judgment imposed." (Emphasis added.) R.C. 2953.25(A)(1).

{¶ 10} The petition must be made on a copy of a form prescribed by the division of parole and community services. *See* R.C. 2953.25(B)(3); Ohio Adm.Code 5120-15-01(D). The statute imposes several requirements regarding what must be included in the petition. R.C. 2953.25(F)(1) to (11). These requirements include the need to specify the name or type of collateral sanction from which the petitioner is seeking relief. R.C. 2953.25(F)(5).

{¶ 11} R.C. 2953.25(D) states, in part, that "[a] certificate of qualification for employment issued to an individual lifts the *automatic bar of a collateral sanction*, and a decision-maker shall consider on a case-by-case basis whether to grant or deny the

issuance or restoration of an occupational license or an employment opportunity." (Emphasis added.) The end result of obtaining such a "certificate" is that the automatic statutory bar/limitation, imposed by the collateral sanction that applies by operation of law, is removed and that the petitioner shall be considered for licensure/employment as if on a case-by-case basis. The granting of a CQE removes the automatic bar of a collateral sanction. R.C. 2953.25(D).

{¶ 12} Tanksley's petition fails at the threshold, as he does not point to any "collateral sanction." In order to be able to file the petition and obtain CQE relief, the petitioner must be "subject to one or more collateral sanctions." R.C. 2953.25(B)(1) and (2). The statute specifically requires that the petition include "[t]he name or type of each collateral sanction from which the individual is requesting a certificate of qualification for employment." R.C. 2953.25(F)(5). The petition did not cite any provision in state law that imposed a conviction-based limitation on petitioner receiving licensure or obtaining employment. In addition, the trial court found that Tanksley suffered from a collateral sanction, but also did not cite any provision in state law that imposed a limitation on petitioner receiving licensure or obtaining employment. (Oct. 29, 2015 Jgmt. Entry at 1.)

{¶ 13} Although the petition mentioned accountant licensure, it did not point to any actual collateral sanction barring him because of his conviction. R.C. 4701.06, titled "Requirements for granting certificate of certified public accountant," states that one of the requirements for being a CPA that all applicants must meet is that "[t]he person is of good moral character." R.C. 4701.06. While petitioner's felony convictions certainly would count against him in the overall assessment of good moral character, the convictions do not specifically prevent him from receiving approval, and like all other applicants, he must satisfy the Board that he has "good moral character." *See* R.C. 4701.01(V)(1), (2) and (3) (allowing convicted felon to show good moral character). There is simply no collateral sanction applicable by operation of law involved here.

{¶ 14} It is clear that only persons "subject to one or more collateral sanctions" may file a petition, and "collateral sanction" is narrowly defined to mean a conviction-based penalty, disability or disadvantage "that applies by operation of law in this state." The court's authority to grant relief is limited to those petitioners who are facing collateral sanctions which apply by operation of law.

{¶ 15} As such, we find that the trial court erred in finding that Tanksley suffered a "collateral sanction" as defined in R.C. 2953.25(A)(1), and required by 2953.25(B)(1) and (2). Therefore, we sustain appellant's second assignment of error. Having sustained assignment of error two, which is dispositive of this appeal, we decline to address assignments of error one and three, thereby rendering them as moot.

## IV. DISPOSITION

{¶ 16} Appellant's second assignment of error is sustained, thereby rendering assignments of error one and three as moot.  Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions to deny Tanksley's Petition for CQE.

*Judgment reversed; cause remanded.*

DORRIAN, P.J. and TYACK, J., concur.

———————————