[Cite as *In re Buzzell*, 2020-Ohio-4242.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


In re William Buzzell

Court of Appeals No. L-20-1012

Trial Court No. MS0201901407


**DECISION AND JUDGMENT**

Decided:  August 28, 2020

* * * * *

Anthony J. Richardson II, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 17, 2019 judgment of the Lucas County

Court of Common Pleas, denying appellant's November 4, 2019 petition for a certificate

of employment qualification ("CQE"), sought in connection to appellant's underlying

March 5, 2012 convictions on three counts of pandering sexually oriented material

involving a minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree, and one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, William Buzzell, sets forth the following assignment of error:

1: The trial court committed error by denying appellant's CQE petition.

{¶ 3} The following undisputed facts are relevant to this appeal. On March 2, 2011, appellant was indicted on three counts of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree, and one count of possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶ 4} On March 5, 2012, appellant was found guilty on all counts, triggering a Tier II sex offender classification. Appellant was released from incarceration in 2013. Appellant's community control concluded in 2018. The scope of this appeal is confined to the 2019 CQE denial.

{¶ 5} On November 4, 2019, pursuant to R.C. 2953.25, appellant filed a petition requesting that the trial court grant him a discretionary CQE. R.C. 2953.25 establishes explicit evidentiary requirements, each of which must be shown by a preponderance of the evidence, in order for a CQE to be properly granted.

2.

{¶ 6} In primary support of the petition, appellant submitted that obtaining a CQE, "[W]ould be the first step in allowing me to go back to college to obtain a new four year degree in social work."

{¶ 7} The record reflects that the root of appellant's petition stems from appellant's long-term goal of entering the social work employment field. Appellant has speculative concerns that if he succeeds in obtaining a bachelor's degree in social work at some indeterminate future time, a mandatory prerequisite to applying for a state license in social work, appellant's 2012 convictions could potentially inhibit appellant from obtaining a state license and/or employment in social work.

{¶ 8} The record reflects that appellant has successfully obtained and maintained steady employment in the years following his release from incarceration despite the 2012 convictions and the accompanying sex offender classification.

{¶ 9} On December 17, 2019, the trial court denied appellant's petition, finding that appellant had failed to establish the mandatory R.C. 2953.25 elements by a preponderance of the evidence, in order to warrant the granting of a CQE. This appeal ensued.

{¶ 10} In the sole assignment of error, appellant asserts that the trial court abused its discretion in denying appellant's R.C. 2953.25 CQE petition. We do not concur.

{¶ 11} The parties concur that the standard of review on appeal governing this matter is abuse of discretion. It is well-established that demonstrating an abuse of discretion requires more than showing a mere error of law or judgment. It must be shown

that the disputed trial court action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 12} R.C. 2953.25(A)(1) establishes an initial evidentiary threshold showing of a collateral sanction for anyone seeking to obtain a CQE. It defines a collateral sanction as, "[A] penalty, disability, or disadvantage that is related to employment or occupational licensing, however denominated, as a result of the individual's conviction of or plea of guilty to an offense and that applies by operation of law in this state."

{¶ 13} If one successfully shows a collateral sanction, R.C. 2953.25(B)(1) then authorizes the pursuit of a CQE petition.

{¶ 14} R.C. 2953.25(B)(1) establishes that one who, "[I]s subject to one or more collateral sanctions as a result of being convicted or pleading guilty to an offense and who has served a term in a state correctional institution * * * may file a [CQE] petition."

{¶ 15} Lastly, R.C. 2953.25(C)(3)(a)-(c) delineates the evidentiary elements needed to be shown in support of a CQE petition. R.C. 2953.25(C)(3)(a)-(c) states that a trial court may grant a petition for a CQE if the petitioner establishes by a preponderance evidence each of the following:

(a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.

(b) The individual has a substantial need for the relief requested in order to live a law-abiding life.

(c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

{¶ 16} In support of this matter, appellant maintains that the denial of the CQE will disadvantage appellant at some indeterminate future point if appellant successfully receives a bachelor's degree in social work, and, if appellant's application for a social work license is then denied on a discretionary, morality basis given the R.C. 4757.28(B)(1) requirement that social work license eligibility requires that the applicant show, "good moral character."

{¶ 17} However, Ohio's social work licensure statutory scheme does not automatically preclude a candidate from being granted a license on the basis of specific criminal convictions, including appellant's criminal convictions. It is discretionary.

{¶ 18} Appellant further argues on appeal that the denial of the CQE petition was an abuse of discretion as appellant's petition showed that, "[appellant has] moved around from job to job, and that none of these (sales) jobs are in the desired field of social work and counseling."

{¶ 19} Appellant thereby suggests that he has been improperly prevented from current employment as a social worker and counselor on the basis of his convictions. We reiterate that appellant does not currently possess a bachelor's degree in social work. Accordingly, regardless of a CQE, appellant is presently precluded from applying for a license in social work so as to potentially be eligible to apply for the social work positions. This refutes appellant's above-described collateral sanction claims.

5.

{¶ 20} We find that appellant fails to meet the preliminary CQE threshold finding of collateral sanction, as defined by R.C. 2953.25(A)(1). Appellant presents a speculative claim of a future disadvantage in relation social work licensure and employment. Conjecture on future employment-related events does not constitute a current R.C. 2953.25(A)(1) "disadvantage."

{¶ 21} Even assuming arguendo that appellant did successfully demonstrate a collateral sanction, we find that appellant nevertheless failed to establish the R.C. 2953.25(C)(3) mandatory evidentiary showings in support of the CQE.

{¶ 22} R.C. 2953.25(C)(3)(a), the first evidentiary prong which must be shown by a preponderance of the evidence by a CQE petitioner, establishes that a petitioner must demonstrate that, "Granting the petition will materially assist the individual in obtaining employment or occupational licensing."

{¶ 23} Appellant's CQE petition stated in support of the R.C. 2953.25(C)(3)(a) evidentiary element that the CQE will, "[A]llow me to have and be able to present to future employers the certificate."

{¶ 24} The record in this case reflects that appellant has effectively maintained consistent employment in the years following appellant's release from incarceration. The record further reflects that appellant does not possess the requisite bachelor's degree in social work at this time so as to be in a present position to apply for an occupational license in social work, the possession of which is a prerequisite for applying for the social work positions desired by appellant.

6.

{¶ 25} As such, appellant did not show by a preponderance of the evidence that the absence of the CQE has materially affected his ability to obtain social work employment.

{¶ 26} R.C. 2953.25(C)(3)(b), the second evidentiary prong which must be shown by a preponderance of the evidence by a CQE petitioner, establishes that a petition must demonstrate that, "The individual has a substantial need for the relief requested in order to live a law-abiding life."

{¶ 27} Appellant's CQE petition stated in support of the R.C. 2953.25(C)(3)(b) evidentiary element, "I currently am and have been for some time a law abiding citizen. This will enable me to sustain employment."

{¶ 28} As such, appellant did not show by a preponderance of the evidence that the CQE is substantially necessary in order for appellant to lead a law-abiding life, as appellant acknowledges, and the record consistently shows, that appellant has been leading a law-abiding life in recent years despite the absence of a CQE.

{¶ 29} The third evidentiary CQE prong requires a demonstration by the preponderance of the evidence that the petitioner would not pose an unreasonable public safety risk if the CQE were granted.

{¶ 30} Although this element is moot given our adverse findings above, we note that the record shows that appellant has lived a law-abiding life in the years following his 2012 felony convictions. The record further reflects appellant's efforts in the intervening years to positively contribute to society.

7.

**{¶ 31}** Appellant's accomplishment in building a lawful life is commendable. However, it does not constitute the mandatory CQE evidentiary elements set forth in R.C. 2953.25.

**{¶ 32}** Based upon the forgoing, we find that appellant has not demonstrated the mandatory evidentiary elements required to warrant the granting of an R.C. 2953.25 CQE. Accordingly, the trial court's denial of appellant's CQE petition was not unreasonable, arbitrary or unconscionable. We find appellant's assignment of error not well-taken.

**{¶ 33}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                                     JUDGE
Thomas J. Osowik, J.           

Christine E. Mayle, J.           _____
CONCUR.                                                            JUDGE

                                                      _____
                                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.