**[Cite as *In re Deran*, 2023-Ohio-2902.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re Barry P. Deran                                    Court of Appeals No. L-22-1254

                                                        Trial Court No.  MS0202201214

                                                        **DECISION AND JUDGMENT**

                                                        Decided:  August 18, 2023

* * * * *

Michael H. Stahl, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

* * * * *

**SULEK, J.**

{¶ 1} Appellant Barry P. Deran appeals the judgment of the Lucas County Court
of Common Pleas, denying his petition for a Certificate of Qualification for Employment
("CQE").  Because the trial court did not follow the analytical steps required by R.C.
2953.25, its judgment is reversed.

## I. Facts and Procedural Background

{¶ 2} In 2013, Deran was convicted of four counts of trafficking in drugs in violation of R.C. 2925.03(A)(1) and (C)(1)(a), felonies of the fourth degree, and four counts of attempted trafficking in drugs in violation of R.C. 2923.02 and 2925.03(A)(1) and (C)(1)(a), felonies of the fifth degree. The convictions stemmed from Deran's use of his medical license to issue prescriptions to various individuals who were not his patients. Deran successfully completed all of the terms of his sentence in 2016.

{¶ 3} Around the same time of his state convictions, Deran was also convicted in federal court of one count of conspiracy and eight counts of making a false statement in the acquisition of firearms. Deran was sentenced to six months of community confinement and 24 months of supervised release.

{¶ 4} In July 2022, Deran filed a petition for a CQE pursuant to R.C. 2953.25. In his petition, Deran stated that he intended to use the CQE to seek and obtain a physician's license from the State of Arizona Medical Board. In addition, the petition included written questions providing Deran an opportunity to explain why a CQE should be granted:

**Define the reasons you believe the certificate of qualification for employment should be granted:**

I have fulfilled my state and federal obligations, am reformed, and only wish for a second chance. I want to be able to help those in need of help with little resources.

**Define why a certificate will materially assist you in obtaining employment or occupation licensing:**

The requested certificate would allow me the opportunity to apply for a medical license, or any other license, with less chance of rejection.

**Define why you have a substantial need for a certificate in order to live a law-abiding life:**

A certificate is vital and absolutely necessary for me to be able to obtain a license to practice medicine. Without the certificate, the license will be unobtainable.

**Describe why granting the petition would not pose an unreasonable risk to the safety of the public or any individual:**

I have learned a very valuable lesson and will absolutely not repeat my prior errors.

**{¶ 5}** In response to his petition, the Lucas County Court of Common Pleas Pretrial Presentence Department submitted a CQE report in which it determined that Deran appeared to meet the statutory requirements to have his petition granted. The report found that Deran has suffered a collateral sanction in that his medical license in the

3.

state of Michigan has been permanently revoked. Notably, it is unclear from the record if the report erroneously found that Deran's medical license was in Michigan instead of Ohio.[1] The report also found that Deran has not had any other known criminal activity since January 2013, and "it does not appear that granting this petition would pose and (sic) unreasonable risk to the safety of the community." Thus, the report recommended that the trial court grant Deran's petition for a CQE.

{¶ 6} The state of Ohio, on the other hand, filed an opposition to Deran's petition, arguing that granting it would pose an unreasonable risk to the safety of the general public. The state noted that Deran was convicted for prescribing prescription pain medication that he knew would be illegally sold to others and asserted that the crimes were so offensive that Deran's actions should follow him around for the rest of his life.

{¶ 7} On September 30, 2022, two days after receiving the state's opposition, the trial court entered its judgment denying Deran's petition for a CQE. The trial court focused its analysis on R.C. 2953.25(C)(3),[2] which states,

---

[1] Evidence of Deran's former medical license is not in the record. Counsel at oral argument stated that Deran had an Ohio medical license.

[2] Despite being a relatively new statute, R.C. 2953.25 has been amended frequently by the General Assembly. All citations in this decision will refer to the version in effect from September 30, 2021, to April 3, 2023, which covers all relevant times of Deran's petition.

The most recent version of the statute, effective April 4, 2023, differs only in the treatment of fees to file a petition for a CQE and by specifying that a petition may exclude information that has been expunged under R.C. 2953.39.

4.

Except as provided in division (C)(5) of this section and subject to division (C)(7) of this section, a court that receives an individual's petition for a certificate of qualification for employment under division (B)(2) of this section or that is forwarded a petition for such a certificate under division (B)(5)(a) of this section may issue a certificate of qualification for employment, at the court's discretion, if the court finds that the individual has established all of the following by a preponderance of the evidence:

(a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.

(b) The individual has a substantial need for the relief requested in order to live a law-abiding life.

(c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

{¶ 8} Considering each factor in turn, the trial court first found that granting the petition would help Deran in obtaining employment or occupational licensing, but only in the field of medicine. The court found that although Deran claims to have been unemployed since 2013, it believed that Deran's unemployment has been voluntary. Noting that Deran has an advanced degree, the court "[would] not be persuaded to believe that gainful employment outside of [the field of medicine] is not available to him."

5.

**{¶ 9}** Turning to the second factor, the trial court found that Deran does not need a CQE to live a law-abiding life. The court again noted that Deran has far more education than the average petitioner. Further, the court "believe[d] giving [Deran] back his license could entice him into committing the same crimes he was convicted of."

**{¶ 10}** Finally, the trial court found the third factor determinative, concluding that the risk to public safety was significant. The trial court reasoned that Deran used his position to write illegal prescriptions of pain medications, knowing that they would be sold on the black market. Instead of saving lives, Deran was shortening them. In addition, the court acknowledged that Deran also had gun charges in federal court as well. The court concluded that it could not let Deran go to another state to obtain a medical license and "put the public safety at risk."

## II. Assignment of Error

**{¶ 11}** Deran has timely appealed the trial court's September 30, 2022 judgment and now asserts two assignments of error for review:

> 1. The trial court erred when it denied Barry Deran's Petition for a Certification of Qualification for Employment without finding that the rebuttable presumption for granting the petition had been rebutted with clear and convincing evidence that Deran had NOT been rehabilitated.

> 2. The trial court abused its discretion by ruling upon the petition without waiting for a response to the State's opposition which would have

6.

clarified the petition contents and objectives as well as presented the court with the proper standard to be applied to its determination of the petition.

## II. Analysis

{¶ 12} The denial of a petition for a CQE is reviewed for an abuse of discretion. R.C. 2953.25(C)(8) ("If a court of common pleas * * * denies the petition, the individual may appeal the decision to the court of appeals only if the individual alleges that the denial was an abuse of discretion on the part of the court of common pleas."). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *In re Buzzell*, 6th Dist. Lucas No. L-20-1012, 2020-Ohio-4242, ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also State v. Miller*, 2019-Ohio-3294, 141 N.E.3d 604, ¶ 19 (2d Dist.); *State v. Flores*, 6th Dist. Wood No. WD-18-016, 2018-Ohio-3980, ¶ 7.

{¶ 13} In his first assignment of error, Deran argues that the trial court abused its discretion when it denied his petition based on the factors enumerated in R.C. 2953.25(C)(3) without considering the rebuttable presumption in favor of granting the petition provided in R.C. 2953.25(C)(5).

7.

**{¶ 14}** Notably, R.C. 2953.25(C)(3) expressly states that it applies "[e]xcept as provided in division (C)(5) of this section." R.C. 2953.25(C)(5) states, in relevant part,

Subject to division (C)(6) of this section, an individual is rebuttably presumed to be eligible for a certificate of qualification for employment if the court that receives the individual's petition under division (B)(2) of this section or that is forwarded a petition under division (B)(5)(a) of this section finds all of the following:

(a) The application was filed after the expiration of the applicable waiting period prescribed in division (B)(4) of this section;

(b) If the offense that resulted in the collateral sanction from which the individual seeks relief is a felony, at least three years have elapsed since the date of release of the individual from any period of incarceration in a state or local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at least three years have elapsed since the date of the individual's final release from all other sanctions imposed for that offense * * *.

Deran asserts that he was released from all supervision and other sanctions for his offenses in 2016 and six years later filed his petition in 2022. Thus, he concludes that he

8.

meets the requirements to be presumptively eligible for a CQE, subject to R.C. 2953.25(C)(6), which provides,

> An application that meets all of the requirements for the presumption under division (C)(5) of this section shall be denied only if the court that receives the petition finds that the evidence reviewed under division (C)(1) of this section rebuts the presumption of eligibility for issuance by establishing, by clear and convincing evidence, that the applicant has not been rehabilitated.

{¶ 15} Deran argues that the trial court did not find, by clear and convincing evidence, that he has not been rehabilitated. He also contends that the record does not contain any evidence that he has not been rehabilitated. Instead, Deran asserts that the evidence demonstrates that he has been rehabilitated, pointing to the facts that he was awarded judicial release, his community control was successfully terminated early, and has not reoffended.

{¶ 16} Upon review, it is undisputed that Deran's community control was terminated in 2016 and his petition was not filed until 2022. Thus, Deran qualifies for the rebuttable presumption under R.C. 2953.25(C)(5) if he is subject to a collateral sanction. In light of the presumption, the trial court could only deny Deran's petition for a CQE if it found by clear and convincing evidence that Deran was not rehabilitated. R.C. 2953.25(C)(6). However, the trial court neither applied the presumption nor considered

9.

whether Deran was rehabilitated, but instead denied the petition under R.C. 2953.25(C)(3). Therefore, the trial court erred in failing to apply the proper statutory analysis.

{¶ 17} Notwithstanding this error, the state, in opposition, argues for the first time on appeal that Deran is still not entitled to a CQE as a matter of law because he has not established the threshold requirement that he has suffered a "collateral sanction."

{¶ 18} R.C. 2953.25(B)(1) and (2) establish who is eligible to apply for a CQE, and both require that the individual "is subject to one or more collateral sanctions as a result of being convicted of or pleading guilty to an offense." "Collateral sanction" is defined as "a penalty, disability, or disadvantage that is related to employment or occupational licensing, however denominated, as a result of the individual's conviction of or plea of guilty to an offense and that applies by operation of law in this state whether or not the penalty, disability, or disadvantage is included in the sentence or judgment imposed." R.C. 2953.25(A)(1).

{¶ 19} The state asserts that Deran is not subject to a collateral sanction because his medical license has been permanently revoked by the state licensing board, not "by operation of law in this state." This argument, however, was not presented to the trial court and consequently the trial court did not address it. Furthermore, there is no evidence in the record concerning the circumstances of the revocation of Deran's medical license other than the CQE report's statement that "Mr. DeRan's medical license has is

(sic) currently under Permanent Revocation in the sate (sic) of Michigan (verified)."

"Thus, we have nothing to review, and, as a reviewing court, we decline to usurp the trial court's role by considering those issues for the first time on appeal." *Birr v. Birr*, 2012-Ohio-187, 969 N.E.2d 312, ¶ 52 (6th Dist.), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992); *State v. Williamson*, 2022-Ohio-185, 183 N.E.3d 660, ¶ 31 (9th Dist.) ("This Court acts as a reviewing court and will not usurp the role of the trial court by deciding new issues at the appellate level.").

{¶ 20} Accordingly, Deran's first assignment of error is well-taken and this matter must be remanded to the trial court for proper analysis under R.C. 2953.25. The resolution of Deran's first assignment of error renders his second assignment of error moot.

### IV. Instruction on Remand

{¶ 21} Further discussion is warranted on what a CQE is and what it does. A CQE

> [c]reates a mechanism by which an individual who has been convicted of or pleaded guilty to an offense, who for a specified period of time has been released from incarceration and all supervision imposed after release or has received a final release from all other sanctions imposed, and who is subject to a "collateral sanction" may obtain from the court of common pleas of the county

in which the individual resides a "certificate of qualification for

employment" that will provide relief from certain bars on

employment or occupational licensing.

*In re Bailey*, 2015-Ohio-413, 28 N.E.3d 578, ¶ 10 (8th Dist.), quoting Ohio Legislative

Service Commission Final Analysis of Am.Sub.S.B. 337.

{¶ 22} R.C. 2953.25(D)(1) explains, in part, that a CQE "lifts the automatic bar of

a collateral sanction" allowing a decision maker, such as a state agency, board, or

commission, to "consider on a case-by-case basis whether to grant or deny the issuance

or restoration of an occupational license or an employment opportunity."  "The certificate

constitutes a rebuttable presumption that the person's criminal convictions are

insufficient evidence that the person is unfit for the license, employment opportunity, or

certification in question."  R.C. 2953.25(D)(2).  Notwithstanding the presumption, "the

agency may deny the license or certification for the person if it determines that the person

is unfit for issuance of the license."  *Id.*  Additionally, a CQE can be used as evidence of

a person's due care in hiring, retaining, licensing, or admitting the person to whom the

CQE was issued, and it provides immunity to employers for claims of negligent hiring.

R.C. 2953.25(G)(1) and (2).

{¶ 23} On remand, the trial court "shall review the individual's petition, the

individual's criminal history, * * * all filings submitted by the prosecutor or by the victim

in accordance with rules adopted by the division of parole and community services, the

applicant's military service record, if applicable, * * * and all other relevant evidence." R.C. 2953.25(C)(1). In conducting its review, "[t]he court may order any report, investigation, or disclosure by the individual that the court believes is necessary for the court to reach a decision on whether to approve the individual's petition for a certificate of qualification for employment, except that the court shall not require an individual to disclose information about any record sealed under section 2953.32 of the Revised Code." *Id.* Once it has received all of the requested information, the trial court "shall decide whether to issue the certificate within sixty days." R.C. 2953.25(C)(2). It is worth noting that "R.C. 2953.25 makes no express provision for a hearing, nor is the right to a hearing implied in the statute." *In re Bailey* at ¶ 18. "[T]he court has the discretion to decide when it has enough information to rule on the petition, and it may decide that it needs no additional information beyond that contained in the petition and filings submitted by the prosecuting attorney and the victim, if any." *Id.*

{¶ 24} In deciding whether to issue the certificate, the trial court must first determine if Deran is subject to a "collateral sanction."

{¶ 25} Under R.C. 2953.25(F)(5), Deran need only include a "general statement" in his petition "as to why [he] has filed the petition and how the certificate of qualification for employment would assist the individual." Thus, he is not required to include in his petition "[t]he name or type of each collateral sanction from which the individual is requesting a certificate of qualification for employment." *In re Cripps*, 9th

13.

Dist. Medina No. 22CA0012-M, 2023-Ohio-111, ¶ 10, citing former R.C. 2953.25(F)(5). Nonetheless, a collateral sanction must exist for Deran to be entitled to relief. R.C. 2953.25(B)(1) and (2); *see In re Buzzell*, 6th Dist. Lucas No. L-20-1012, 2020-Ohio-4242, at ¶ 20 (petitioner failed to meet "the preliminary CQE threshold finding of collateral sanction" where he presented a speculative claim of a future disadvantage in relation to social work licensure and employment); *In re Tanksley*, 10th Dist. Franklin No. 15AP-1085, 2016-Ohio-7068, ¶ 12-13 (petitioner seeking a CQE to receive certified public accountant licensure "fails at the threshold" where requirement for granting certified public account licensure is that "the person is of good moral character;" "[w]hile petitioner's felony convictions certainly would count against him in the overall assessment of good moral character, the convictions do not specifically prevent him from receiving approval, and like all other applicants, he must satisfy the Board that he has 'good moral character.'").

{¶ 26} If the trial court finds that Deran is subject to a collateral sanction, then it must engage in the analysis under R.C. 2953.25(C)(5). In this case, because it is not disputed that Deran has met the time requirements to qualify for a rebuttable presumption under R.C. 2953.25(C)(5), the trial court shall deny the petition only if it finds by clear and convincing evidence that Deran has not been rehabilitated. R.C. 2953.25(C)(6).

{¶ 27} Finally, if the trial court finds that Deran has not been rehabilitated, the court must then examine the petition under R.C. 2953.25(C)(3), and may, at its

14.

discretion, and subject to R.C. 2953.25(C)(7), issue a CQE if it finds by a preponderance of the evidence that

(a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.

(b) The individual has a substantial need for the relief requested in order to live a law-abiding life.

(c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

## V. Conclusion

{¶ 28} In sum, the trial court erred when it denied Deran's petition under R.C. 2953.25(C)(3) without first applying the rebuttable presumption in R.C. 2953.25(C)(5). Therefore, the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded to the trial court for further consideration of Deran's petition for a CQE in accordance with R.C. 2953.25.  The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

15.

Thomas J. Osowik, J.　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

Myron C. Duhart, P.J.　　　　　　

Charles E. Sulek, J.　　　　　　　　　_____
CONCUR.　　　　　　　　　　　　　　　　　JUDGE

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.