[Cite as *Hopkins v. Certificate of Qualification for Emp.*, 2025-Ohio-1072.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : |  |
| Wayne M. Hopkins, | : | No. 24AP-502 |
|  |  | (C.P.C. No. 24MS-0239) |
| Petitioner-Appellant, | : |  |
|  |  | (REGULAR CALENDAR) |
| v. | : |  |
|  |  |  |
| Certificate of Qualification | : |  |
| for Employment, | : |  |
|  |  |  |
| Respondent-Appellee. | : |  |
|  | : |  |

D E C I S I O N

Rendered on March 27, 2025

**On brief:** *Wayne M. Hopkins*, pro se. **Argued:** *Wayne M. Hopkins.*

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Petitioner-appellant, Wayne M. Hopkins, appeals from a judgment entry of the Franklin County Court of Common Pleas denying his petition for a certificate of qualification for employment ("CQE"). For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} On May 6, 2024, Mr. Hopkins filed a petition for a CQE under R.C. 2953.25. The petition stated he was convicted of felonious assault and kidnapping in 2003, both in Franklin County. Mr. Hopkins stated he was requesting a CQE to "become employed in the

transportation industry," and that he is "self-employed in the industry but . . . need[s] the CQE to obtain contracts." (Petition.) He stated he did not intend to use the CQE "to obtain an occupational license from a state licensing board" but that he did intend to obtain employment and use the CQE as a means to provide employer immunity under R.C. 2953.25(G). (Petition.) Mr. Hopkins further stated the CQE would materially assist him in obtaining transportation contracts with "the government and other businesses that require this service," and that "[e]mployers will no longer be able to use [his] conviction as a reason to deny [him] the opportunity." (Petition.) Mr. Hopkins stated he lives a law-abiding life and the CQE would enable him to continue to give back to his community. Lastly, Mr. Hopkins stated he does not pose an unreasonable risk to the safety of the community, reiterating he lives a law-abiding life, serves at-risk youth in his community, and travels throughout the state and country without posing any risk to the public.

{¶ 3} Respondent-appellee, Franklin County Prosecuting Attorney, responded with a May 13, 2024 memorandum stating it would defer to the trial court on the question of whether the CQE should be granted. The prosecutor's office took no position on whether Mr. Hopkins demonstrated a "collateral sanction" in his petition as defined in R.C. 2953.25(A)(1).

{¶ 4} On July 16, 2024, the trial court issued a judgment entry denying Mr. Hopkins' petition for CQE. In denying the petition, the trial court made four distinct findings: (1) Mr. Hopkins has not suffered a collateral sanction related to employment or occupational licensing as a result of his convictions; (2) Mr. Hopkins did not establish the CQE will materially assist him in obtaining employment or an occupational license; (3) Mr. Hopkins did not establish he has a substantial need for the CQE in order to live a law-abiding life; and (4) Mr. Hopkins did not establish granting the CQE would not pose an unreasonable risk of safety to the public or any individual. (July 16, 2024 Jgmt. Entry at 1-2.) Mr. Hopkins timely appeals.

## II. Assignments of Error

{¶ 5} Mr. Hopkins raises the following assignments of error for our review:

> [I.] The trial court erred and abused its discretion in dismissing appellant's action. In my petition for CQE I indicated that my

convictions has prevented me from seeking employment contracts with the city, county, state and other employers.

[II.] The trial court erred and abused its discretion in dismissing appellant's action. I have completed all supervision and sanctions associated with my felony convictions related to case #03 CR 004221.

(Sic passim.)

### III. Discussions

{¶ 6} Mr. Hopkins' two assignments of error are interrelated, and we address them jointly. In his first assignment of error, Mr. Hopkins argues the trial court erred in finding he did not demonstrate the existence of a collateral sanction. In his second assignment of error, Mr. Hopkins argues the trial court erred in determining he did not demonstrate entitlement to the CQE. Taken together, the two assignments of error assert the trial court erred in denying his petition for CQE.

{¶ 7} R.C. 2953.25 creates a mechanism for individuals who have been convicted of or pleaded guilty to an offense, meet specified eligibility requirements, and are subject to a collateral sanction to obtain a CQE that will provide relief from certain bars to employment or occupational licensing resulting from their conviction. *Tanksley v. O'Brien*, 2016-Ohio-7068, ¶ 8 (10th Dist.), quoting *In re Bailey*, 2015-Ohio-413, ¶ 10 (8th Dist.). Where the common pleas court denies a petition for CQE, "the individual may appeal the decision to the court of appeals only if the individual alleges that the denial was an abuse of discretion on the part of the court of common pleas." R.C. 2953.25(C)(8). Thus, we review a trial court's denial of a petition for CQE for an abuse of discretion. *In re Betsacon*, 2018-Ohio-5367, ¶ 5 (10th Dist.). An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27.

{¶ 8} Before filing a petition for a CQE, an individual must satisfy a statutory waiting period of six months for misdemeanor convictions or one year for felony convictions. R.C. 2953.25(B)(4)(a)(i) and (ii). Alternatively, a petitioner may file the CQE petition immediately after release from incarceration or termination from community control if the individual satisfies certain criteria. R.C. 2953.25(B)(4)(b). Once an individual

files a petition that satisfies the statutory waiting period, R.C. 2953.25 provides two distinct avenues for a common pleas court to grant a CQE. The first route, contained in R.C. 2953.25(C)(3), specifies the common pleas court has discretion to issue a CQE if it finds the individual has established, by a preponderance of the evidence, all of the following:

> (a) Granting the petition will materially assist the individual in obtaining employment or occupational licensing.
>
> (b) The individual has a substantial need for the relief requested in order to live a law-abiding life.
>
> (c) Granting the petition would not pose an unreasonable risk to the safety of the public or any individual.

{¶ 9} The second route for a common pleas court to grant a CQE, as set forth in R.C. 2953.25(C)(5) and (6), provides "an individual is rebuttably presumed to be eligible for a [CQE] if the court" finds all of the following:

> (a) The application was filed after the expiration of the applicable waiting period described in division (B)(4) of this section;
>
> (b) If the offense that resulted in the collateral sanction from which the individual seeks relief is a felony, at least three years have elapsed since the date of release of the individual from any period of incarceration in a state or local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at least three years have elapsed since the date of the individual's final release from all other sanctions imposed for that offense;
>
> (c) If the offense that resulted in the collateral sanction from which the individual seeks relief is a misdemeanor, at least one year has elapsed since the date of release of the individual from any period of incarceration in a local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at least one year has elapsed since the date of the final release of the individual from all sanctions imposed for that offense including any period of supervision.

R.C. 2953.25(C)(5).  Where a petition meets the requirements in R.C. 2953.25(C)(5), it "shall be denied only if the court that receives the petition finds that the evidence reviewed under division (C)(1) of this section rebuts the presumption of eligibility for issuance by establishing, by clear and convincing evidence, that the applicant has not been rehabilitated."  R.C. 2953.25(C)(6).

{¶ 10}  Here, the trial court denied Mr. Hopkins' petition based on the factors enumerated in R.C. 2953.25(C)(3) without considering the rebuttable presumption in favor of granting the petition contained in R.C. 2953.25(C)(5).  However, R.C. 2953.25(C)(3) expressly states it applies "[*e*]*xcept* as provided in division (C)(5) of this section." (Emphasis added.)  Upon review, it is undisputed that more than three years have elapsed since Mr. Hopkins completed all periods of incarceration and supervision related to his offenses.  R.C. 2953.25(C)(5)(b).  (State's Brief at 13.)  Thus, Mr. Hopkins qualifies for the rebuttable presumption under R.C. 2953.25(C)(5) if he is subject to a collateral sanction, and the trial court could only deny his petition for a CQE if it found he was not rehabilitated. *See In re Deran*, 2023-Ohio-2902, ¶ 16 (6th Dist.), citing R.C. 2953.25(C)(6).  The state concedes the trial court erred by analyzing the petition under R.C. 2953.25(C)(3) instead of R.C. 2953.25(C)(5), noting the findings under R.C. 2953.25(C)(3) are not sufficient to rebut the presumption of eligibility under R.C. 2953.25(C)(5).  We agree.  Because the trial court neither applied the presumption nor considered whether Mr. Hopkins was rehabilitated, the trial court erred in failing to engage in the proper statutory analysis.

{¶ 11}  We are mindful that to be entitled to a CQE, the petitioner must be "subject to one or more collateral sanctions."  R.C. 2953.25(B)(1) and (2); Ohio Adm.Code 5120-15-01(B)(1).  A "collateral sanction" is "a penalty, disability, or disadvantage that is related to employment or occupational licensing, however denominated, as a result of the individual's conviction of or plea of guilty to an offense and that applies by operation of law in this state whether or not the penalty, disability, or disadvantage is included in the sentence or judgment imposed."  R.C. 2953.25(A)(1).

{¶ 12}  In denying Mr. Hopkins' petition, the trial court found Mr. Hopkins was not subject to a collateral sanction.  The trial court appears to have made this finding based solely on the face of the petition in which Mr. Hopkins stated he was suffering adverse employment actions but did not specify any statutory or regulatory framework under which

such a sanction would arise. However, under R.C. 2953.25(F)(5), an applicant for a CQE needs to include only a "general statement" in the petition "as to why [he] has filed the petition and how the [CQE] would assist the individual." A petitioner for a CQE "is not required to include in his petition '[t]he name or type of each collateral sanction from which the individual is requesting a [CQE].' " *Deran*, 2023-Ohio-2902 at ¶ 25, quoting *In re Cripps*, 2023-Ohio-111, ¶ 10 (9th Dist.). We also note R.C. 2953.25(C)(4) expressly states "[t]he submission of an incomplete petition by an individual shall not be grounds for the designee or court to deny the petition." R.C. 2953.25(C)(4).

{¶ 13} On remand, the common pleas court "shall review the individual's petition, the individual's criminal history, except for information contained in any record that has been sealed under section 2953.32 of the Revised Code, all filings submitted by the prosecutor or by the victim in accordance with rules adopted by the division of parole and community services, the applicant's military service record, if applicable, and whether the applicant has an emotional, mental, or physical condition that is traceable to the applicant's military service in the armed forces of the United States and that was a contributing factor in the commission of the offense or offenses, and all other relevant evidence." R.C. 2953.25(C)(1). Additionally, "[t]he court may order any report, investigation, or disclosure by the individual that the court believes is necessary for the court to reach a decision on whether to approve the individual's petition for a certificate of qualification for employment, except that the court shall not require an individual to disclose information about any record sealed under section 2953.32 of the Revised Code." R.C. 2953.25(C)(1).

{¶ 14} Although the common pleas court " 'has the discretion to decide when it has enough information to rule on the petition, and it may decide that it needs no additional information beyond that contained in the petition and filings submitted by the prosecuting attorney and the victim, if any,' " the court still must review the petition in accordance with the appropriate statutory framework. *Deran* at ¶ 23, quoting *Bailey*, 2015-Ohio-413 at ¶ 18. On remand, once the common pleas court has obtained the necessary information, the court must determine, in the first instance, whether Mr. Hopkins is subject to a collateral sanction. If it finds Mr. Hopkins is subject to a collateral sanction, the common pleas court shall consider his petition under the rebuttable presumption framework in R.C. 2953.25(C)(5) and determine whether he has been rehabilitated. R.C. 2953.25(C)(6). If

the common pleas court finds Mr. Hopkins has not been rehabilitated, it must then examine the petition under R.C. 2953.25(C)(3) and determine whether to exercise its discretion to issue a CQE. *See Deran* at ¶ 27.

{¶ 15} Because the trial court erred when it denied Mr. Hopkins' petition for a CQE under R.C. 2953.25(C)(3) without first applying the rebuttable presumption in R.C. 2953.25(C)(5), we sustain Mr. Hopkins' two assignments of error.

## IV. Disposition

{¶ 16} Based on the foregoing reasons, the trial court erred in denying Mr. Hopkins' petition for CQE because it did not analyze the petition under the appropriate statutory framework. Having sustained Mr. Hopkins' two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court to gather information on whether Mr. Hopkins is subject to a collateral sanction and for further consideration of the petition for CQE in accordance with the statutory framework set forth in R.C. 2953.25.

*Judgment reversed*; *cause remanded.*

JAMISON, P.J. and DINGUS, J., concur.